Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

County of Los Angeles, a Public Entity; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Roland Vaughan, an Individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 16 2018

Sherri R. Carter, Executive Officer/Clerk
By: Ricardo Perez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER:
*(Número del Caso):*
18STCV01014

Stanley Mosk Courthouse - Central District
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond Boucher, Boucher LLP, 21600 Oxnard St., Suite 600 Woodland Hills, CA 91367; 8183405400

| DATE: OCT 16 2018 | SHERRI R. CARTER | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* RICARDO PEREZ | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* County of Los Angeles, a Public Entity
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* CCP 416.50 public entity
4. ☑ by personal delivery on *(date):* 12/21/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Raymond P. Boucher, State Bar No. 115364
   *ray@boucher.la*
2  Hermez Moreno, State Bar No. 72009
   *moreno@boucher.la*
3  Brian M. Bush, State Bar No. 294713
   *bush@boucher.la*
4  BOUCHER LLP
   21600 Oxnard Street, Suite 600
5  Woodland Hills, California 91367-4903
   Tel:    (818) 340-5400
6  Fax:    (818) 340-5401

7  Attorneys for Plaintiff Roland Vaughan

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 16 2018

Sherri R. Carter, Executive Officer/Clerk
By: Ricardo Perez, Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  ROLAND VAUGHAN, an Individual;

12                  Plaintiff,

13       v.

14  COUNTY OF LOS ANGELES, a Public
    Entity; and DOES 1-50, Inclusive,

15

16                  Defendants.

17

18

19

20

Case No. **18STCV01014**

**COMPLAINT**

1. **Civil Rights (42 USC § 1983)**

2. **Civil Rights – Failure to Intervene (42 USC § 1983)**

3. **Civil Rights – Failure to Train & Failure to Supervise (42 USC § 1983)**

4. ***Monell* (42 USC § 1983)**

5. **Negligence**

6. **Negligence, Failure to Train & Failure to Supervise**

21

22                                    **I.**
                            **INTRODUCTION**

23       1.       This is a case about broken promises. Defendants County of Los Angeles and

24  Sheriff's Deputies and Personnel, DOES 1-50, acting with deliberate indifference, broke their

25  promise under the United States and California Constitutions to protect Plaintiff, Roland Vaughan,

26  from harm while he was housed as a pretrial detainee at Men's Central Jail. As a result, he was

27  savagely beaten by other inmates on September 30, 2017.

28       2.       Further, said Defendants broke another promise when they refused to summon

1  Raymond P. Boucher, State Bar No. 115364
   *ray@boucher.la*
2  Hermez Moreno, State Bar No. 72009
   *moreno@boucher.la*
3  Brian M. Bush, State Bar No. 294713
   *bush@boucher.la*
4  BOUCHER LLP
   21600 Oxnard Street, Suite 600
5  Woodland Hills, California 91367-4903
   Tel:    (818) 340-5400
6  Fax:    (818) 340-5401

7  Attorneys for Plaintiff Roland Vaughan

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11 ROLAND VAUGHAN, an Individual;          Case No.

12          Plaintiff,                     **COMPLAINT**

13      v.                                 1. **Civil Rights (42 USC § 1983)**

14 COUNTY OF LOS ANGELES, a Public         2. **Civil Rights – Failure to Intervene**
   Entity; and DOES 1-50, Inclusive,          **(42 USC § 1983)**
15
            Defendants.                    3. **Civil Rights – Failure to Train &**
16                                             **Failure to Supervise (42 USC § 1983)**

17                                         4. ***Monell* (42 USC § 1983)**

18                                         5. **Negligence**

19                                         6. **Negligence, Failure to Train &**
                                              **Failure to Supervise**
20

21
                                       **I.**
22                             **INTRODUCTION**

23      1.      This is a case about broken promises. Defendants County of Los Angeles and

24 Sheriff's Deputies and Personnel, DOES 1-50, acting with deliberate indifference, broke their

25 promise under the United States and California Constitutions to protect Plaintiff, Roland Vaughan,

26 from harm while he was housed as a pretrial detainee at Men's Central Jail. As a result, he was

27 savagely beaten by other inmates on September 30, 2017.

28      2.      Further, said Defendants broke another promise when they refused to summon

COMPLAINT

1  medical aid for Plaintiff in the days following the assault, resulting in the development of necrotizing
2  fasciitis in Plaintiff's right arm, ultimately requiring the removal of his skin from his elbow to his
3  knuckles, and the grafting of skin from his thigh.

4      3.      Worse yet—Defendants broke these promises owed under the Constitution to a man
5  who, in Plaintiff, is a decorated combat veteran, who fought and nearly died for this Country and
6  the guarantees the Constitution is meant to provide.

7      4.      As a result, Plaintiff has been badly injured, and permanently disfigured, and now by
8  this Complaint seeks compensation to remedy the violations herein alleged.

## II.
## PARTIES

5.      Plaintiff is Roland Vaughan ("PLAINTIFF"). He is a resident of the County of Los
Angeles. Plaintiff served his Country as an infantryman with the Army Rangers from 2005 to 2010.
He fought in Iraq and Afghanistan in the Global War on Terror. He was nearly killed during his
combat service when an IED near him exploded. For his service and sacrifice Plaintiff received the
Army Commendation Medal, the Purple Heart, Army Good Conduct Medal, National Defense
Service Medal, Afghanistan Campaign Medal with Two Campaign Stars, Global War on Terrorism
Service Medal, Iraq Campaign Medal with Combat Star, Army Service Ribbon, and the Combat
Infantryman Badge. After being honorably discharged from the US Army, Plaintiff attained a
college degree and went to work as a photographer and videographer for the Combat Wounded
Veterans Challenge. Plaintiff is currently housed in the California Dept. of Corrections and
Rehabilitation at Sierra Conservation Center in Jamestown, California, and is expected to be
released in the end of 2019.

6.      Defendant, the County of Los Angeles ("COUNTY"), is a public entity for the
purposes of this action and in said capacity is responsible for and administers the COUNTY Sheriff's
Department ("LASD"), which in turn promulgates policies and practices for the housing, custody,
care, safe keeping, medical care and protection of inmates in the COUNTY Detention Facilities
including Men's Central Jail ("MCJ"). COUNTY, through its component departments, and Jim
McDonnell as Sheriff of the COUNTY, runs, operates, oversees, administers, supervises, and is

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1 otherwise responsible for the conduct of LASD in COUNTY facilities, including both the acts and
2 omissions of LASD and other detention facility workers, including but not limited to custody staff
3 and medical personnel. At all times COUNTY possessed the power and authority to adopt policies
4 and prescribe rules, regulations and practices affecting all facets of the training, supervision, control,
5 employment, assignment and removal of individual members of the LASD, including those
6 individuals charged with protecting the health and safety of inmates at COUNTY Detention
7 facilities, including PLAINTIFF and to assure that said actions, policies, rules, regulations,
8 practices and procedures of the LASD and its employees and agents comply with the laws and
9 constitutions of the United States and of the State of California.

10      7.     DOES 1 through 3 are and were LASD officials and supervisors during all relevant
11 times herein, and at all times possessed the power and the authority and were charged by law with
12 the responsibility to enact policies and to prescribe rules and practices concerning the operation of
13 the COUNTY Detention facilities, including MCJ, and concerning the means by which the life,
14 health and safety of inmates were to be secured, the manner in which complaints regarding an
15 inmate's health and safety were to be evaluated and acted upon, and what safeguards were in place
16 to treat and/or care for inmates with medical conditions.

17      8.     At all times relevant herein, DOE DEFENDANTS 4 through 25 were and are
18 deputies and peace officers, agents or employees of Defendant COUNTY and LASD and were at
19 all times relevant to this action acting in the course and scope of their employment and agency. They
20 were actively engaged in employment at MCJ located at 441 Bauchet Street, Los Angeles, California
21 90012, during the time period of September 30, 2017, through October 10, 2017, and in this capacity
22 were empowered to act under the color of law to assure for Plaintiff's safety and well-being during
23 his incarceration.

24      9.     At all times relevant hereto, DOE DEFENDANTS 26 through 50 were and are LASD
25 personnel, nurses, pill call employees, and/or medical professionals employed, hired, and/or retained
26 by the COUNTY to respond to medical needs of inmates and summon and/or administer medical
27 treatment to inmates at MCJ, and said Defendants were at all times relevant to this action acting in
28 the course and scope of their employment and agency during the time period of September 30, 2017,

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1  through October 10, 2017. Said Defendants were empowered to act under the color of law to
2  respond to reports, complaints and requests for treatment and safe housing from Plaintiff, including
3  complaints and requests for treatment of health conditions.

4      10.    At all times relevant hereto, Defendants DOES 1 through 3 were the chief policy
5  makers for COUNTY and the LASD relative to MCJ as alleged herein, were employed by COUNTY
6  defendant as administrators, police officers, sheriffs, or in other capacities as yet undetermined and
7  in doing the acts alleged acted within the course and scope of their employment under color of law.

8      11.    All defendants named herein committed the above alleged acts while acting within
9  the scope and course of their employment under color of law.

10      12.    At all times mentioned herein, defendant Los Angeles COUNTY, through the LASD
11  was charged with the supervision, management, control, operation and administration of LASD,
12  including the responsibility for the  control, supervision, training, employment, assignment and
13  removal of police officers at LASD and at MCJ where the acts alleged took place.

14      13.    At all times relevant to this case, and as regards all acts and omissions relevant to
15  this case, Defendants and each of them, were agents, servants, and employees of their co-defendants
16  and in doing the things alleged were acting within the scope of their authority as agents, servants
17  and employees and with the permission, consent, ratification and condonation of their co-
18  defendants.

19      14.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as
20  DOES 1 through 50, inclusive. Plaintiff will amend this complaint to allege their true names and
21  capacities when ascertained or when this Court permits said amendment.

22      15.    Plaintiff is informed and believes and thereon alleges that each said fictitiously
23  named defendant is responsible in some manner for the occurrences herein alleged and that
24  Plaintiff's injuries and damages as herein alleged were proximately caused by the negligence,
25  deliberate indifference and/or reckless or intentional wrongful and tortious conduct of such
26  defendants.

27      ///
28      ///

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

4
COMPLAINT

**III.**
**JURISDICTION & VENUE**

16. This action is brought pursuant 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment of the United States Constitution, as well as under California law as to Plaintiff's causes of action in tort.

17. The Court has personal jurisdiction over the Defendants in this case because they are residents of and/or doing business in the State of California, County of Los Angeles.

18. As a Court of general jurisdiction, this Court has subject matter jurisdiction over Plaintiff's claims arising under Federal and California law.

19. Venue is proper in this Court because all parties to this action reside within the County of Los Angeles, and the acts and omissions giving rise to Plaintiff's claims took place within the jurisdictional boundaries of this Court.

20. This is an unlimited civil case as defined in California Code of Civil Procedure §§ 85, et seq.

**IV.**
**FACTS COMMON TO ALL CAUSES OF ACTION**

21. On February 5, 2017, Plaintiff was arrested in Antelope Valley, County of Los Angeles, after he was involved in a motor vehicle accident. Plaintiff was driving home with his fiancée while intoxicated. As he took a left turn onto a side street toward his home, a motorcycle approaching in the oncoming lane struck his right front quarter panel. The motorcyclist died as a result of the crash. Plaintiff was booked and initially charged with Murder.

22. Plaintiff was transferred to MCJ while awaiting trial.

23. During Plaintiff's booking he was given a medical evaluation. Aside from the injuries he suffered from and IED blast as an infantryman in the Army, Plaintiff was healthy. Specifically, Plaintiff did not have an infection in his right arm and Plaintiff had full function of his right arm.

24. As a pretrial detainee at MCJ, Plaintiff's housing designation was "EBI" (Education Based Incarceration), sometimes referred to by inmates as the "Veteran's Dorm."

25. On September 30, 2017, Plaintiff and a small group of inmates in EBI were on the

1 | roof at MCJ for exercise.

2     26.     Unbeknownst to Plaintiff at that same time, a riot broke out in the MCJ dormitory
3 | housing the SNY (Special Needs Yard) inmates. SNY inmates commonly include homosexuals and
4 | other inmates requiring special classification and separation from general population.

5     27.     The rioting SNY inmates were pepper sprayed by LASD custody deputies, who then
6 | ushered the SNY inmates to the roof where they were placed on the other side of a partition from
7 | Plaintiff and the EBI inmates.

8     28.     In total there were approximately 98 SNY inmates relocated to the roof. Plaintiff and
9 | the EBI inmates composed a much smaller group of approximately 10-15 inmates.

10     29.     LASD custody employees, including DOE DEFENDANTS 4-25, then left the roof
11 | and left the rioting SNY inmates alone and unmonitored with the EBI inmates.

12     30.     Shortly after deputies left, the SNY inmates broke through the partition and
13 | proceeded to assault and savagely beat the EBI inmates, including Plaintiff.

14     31.     Despite the fact that the assault went on for many minutes, between 10 and 20
15 | minutes, approximately, not a single LASD deputy or custody employee, including DOE
16 | DEFENDANTS 4-25, arrived at the roof to intervene and protect Plaintiff and the other EBI inmates.

17     32.     The assault was also being recorded on MCJ's CCTV video system. Plaintiff knows
18 | this because in the days following the assault several LASD deputies, names currently unknown,
19 | were observed re-watching the beating, and laughing at Plaintiff while remarking that Plaintiff "got
20 | his ass beat by a bunch of homos."

21     33.     Despite the fact that video cameras were recording the assault, still, not a single
22 | LASD deputy or custody employee, including DOE DEFENDANTS 4-25, arrived at the roof to
23 | intervene and protect Plaintiff and the other EBI inmates

24     34.     Plaintiff suffered injuries from the assault, including a swollen and black left eye,
25 | several cuts and scratches on his neck, arms, and hands, swollen knots on his head, bruised jaw and
26 | soreness throughout his body, and an abrasion to his right arm near his elbow.

27     35.     The abrasion started to become infected and severely painful.

28     36.     On several occasions over the following days Plaintiff sought medical attention for

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1  his arm, but was denied by DOE DEFENDANTS 26-50.

2    37.    Plaintiff asked repeatedly to visit medical to have blood tests conducted. Midway
3  through the week, he was brought to medical for a blood draw. He was told that he would only be
4  contacted is he "had something to worry about."

5    38.    On October 4, 2017, Plaintiff was seen by a nurse because he was concerned about
6  getting infection from the blood that "was everywhere" during the assault. He was sent to get an
7  STD evaluation, but his injury to his arm was not evaluated.

8    39.    On October 7, 2017, Plaintiff specifically recalls desperately asking a "Deputy
9  Prado", full name currently unknown, for a pass to medical. He was denied.

10   40.    Also on October 7, 2017, Plaintiff specifically recalls asking a "Ms. Gutierrez", full
11  name currently unknown, for a pass to medical. He was denied.

12   41.    On October 8, Plaintiff was seen by a nurse. He complained again about the infection
13  in his arm. The nurse noted "severe swelling with erythema and warmth." She submitted a referral
14  for Plaintiff to see urgent care.

15   42.    Finally, on October 9, 2017, Plaintiff was sent to the Urgent Care Center. He was
16  then sent by patrol care to the hospital and admitted on October 10, 2017. At the hospital, Plaintiff
17  was diagnosed with necrotizing fasciitis, and told that he needed immediate surgery, and that there
18  was a 50% chance that he would not survive.

19   43.    Doctors removed all the skin to the muscle on Plaintiff's right arm between his elbow
20  and his knuckles and debrided the necrotic tissue. Surgeons then grafted skin from Plaintiff's upper
21  thigh onto the wound. The weeks of procedures were incredibly painful. Plaintiff was discharged
22  from the hospital on October 23, 2017.

23   44.    To this day, Plaintiff suffers from permanent disfigurement of his right arm,
24  neuropathy, pain, and lack of mobility and ability to use his right hand, tingling and numbness.

25                                      V.
                    COMPLIANCE WITH GOVERNMENT CLAIMS ACT

26   45.    Plaintiff submitted a government tort claim concerning the above allegations to
27  COUNTY on February 28, 2018.

28

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

46.  Plaintiff received a denial on April 16, 2018.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
## DOE DEFENDANTS 1-50

47.  PLAINTIFF incorporates all the foregoing paragraphs herein by this reference.

48.  This cause of action arises under United States Code Title 42, Section 1983, wherein PLAINTIFF seeks to redress a deprivation under color of law of a right, privilege, or immunity secured him by the Fourteenth Amendment to the United States Constitution and under the laws of the Constitution of the State of California.  Additionally, by reason of all the  foregoing and following allegations, Plaintiff was required to retain counsel to institute and prosecute this action and to render legal assistance and advice that he may properly vindicate the loss and impairment of his rights, Plaintiff requests and is entitled to a reasonable sum of attorney's fees pursuant to 42 U.S.C. Section 1988.

49.  On or before September 30, 2017, there existed within the LASD: (1) an administrative manual; (2) a written compilation of policies and procedures; and (3) orally conveyed department policies, regarding the issues of the safety, health and welfare of inmates at MCJ, including but not limited to issues regarding: (1) the classification of inmates to avoid mingling violent and non-violent offenders; (2) the duties regarding monitoring of violent inmates; (3) the separation of inmates to avoid mingling violent and non-violent factions of inmates; (4) the prevention of inmate on inmate violence; and (4) the provision of medical services to obviously hurt, injured and/or incapacitated inmates.

50.  On September 30, 2017, said DOE DEFENDANTS 1-50 acting in conscious and reckless disregard for Plaintiff's rights and in complete derogation of their responsibilities, did under color of law, knowingly and/or intentionally engage in the following acts and omissions among others:

a.  Doe Defendants 4-25 intentionally and with deliberate indifference to Plaintiff's life and safety placed Plaintiff, a non-violent offender, with violent inmates who said deputies knew or should have known would violently and

predictably beat him; and/or

b. Doe Defendants 4-25 intentionally and with deliberate indifference to Plaintiff's life and safety placed a large group of approximately 98 inmates who had been rioting and were acting violently, in close proximity to Plaintiff, a non-violent offender, with nothing but a fence separating them, and then left the groups of inmates alone without monitoring or supervision, despite knowing or having reason to know that this would immediately place Plaintiff's life in immediate danger; and/or

c. Doe Defendants 4-25 intentionally and with deliberate indifference to Plaintiff's life permitted inmates to assault Plaintiff for approximately 10-20 minutes without intervening, despite knowing or having reason to know that this would immediately place Plaintiff's life in immediate danger; and/or

d. DOE DEFENDANTS 1-3 negligently staffed and trained jail personnel at Los Angeles County jail facilities in such a manner that allowed for unmonitored and unsupervised inmate-on-inmate violence on September 30, 2017, that could have been easily been avoided by personnel staffing and training decisions. These staffing and training decisions completely ignored industry standards in said staffing and training and informed, or should have informed DOE DEFENDANTS 1-3 that their decisions would put persons like Plaintiff in immediate danger to his health and safety; and/or

e. DOE DEFENDANTS 26-50 intentionally and/or with deliberate indifference ignored Plaintiff's obvious need of medical assistance, care and treatment and allowed Plaintiff to go untreated so as to knowingly or recklessly cause his injuries.

51.     In this manner, DOE DEFENDANTS 4-50, under color of law, failed to protect Plaintiff's life, health and safety, to which protection Plaintiff had a constitutional right, and thereby caused Plaintiff's physical injuries resulting in his present physical state. DEFENDANTS acted as they did in part because they knew or were otherwise aware that they would receive no discipline

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1  or punishment for their conduct and that their constitutionally violative conduct would otherwise be
2  ratified and/or condoned by their superiors, including DOE DEFENDANTS 1-3.

3       52.    As a proximate result of the aforementioned acts and omissions of said Defendants
4  and each of them, Plaintiff suffered injuries including the injuries attendant to the assault as well as
5  permanent disfigurement of his right arm, neuropathy, pain, and lack of mobility and ability to use
6  his right hand, tingling and numbness, and mental and emotional harm all to his damages in an
7  amount to be proven at trial.

8       53.    The aforementioned acts by or omissions of the said individual DOE
9  DEFENDANTS 1-50 and each of them were willful, wanton, malicious and oppressive, done with
10 a conscious disregard for the rights of Plaintiff and constitute the type of despicable conduct that no
11 civilized society should be forced to endure, and this conduct justifies the awarding of exemplary
12 and punitive damages against said individual DEFENDANTS. This is especially true in light of the
13 fact that Defendants knew or had reason to know of the inevitable results their misconduct would
14 lead to.

15                               **SECOND CAUSE OF ACTION**

16     **VIOLATION OF CIVIL RIGHTS – FAILURE TO INTERVENE – 42 U.S.C. § 1983**
17                              **DOE DEFENDANTS 4-50**

18      54.    PLAINTIFF repeats and re-alleges each and every allegation contained above as
19 though fully set forth herein.

20      55.    At all times relevant herein during all the failures and omissions relevant to Plaintiff's
21 injuries, DOE DEFENDANTS 4-50, were present at MCJ and were charged with the Constitutional
22 duties of protection of Plaintiff and were charged with the duty to not knowingly or with wanton
23 disregard, cause his life, health and safety to be placed in danger by intentionally and deliberately
24 ignoring the known dangers to Plaintiff that their actions and/or omissions placed him in.

25      56.    DOE DEFENDANTS 4-50 were all in the position and authority to lawfully
26 intervene in and prevent the unjustified and unwarranted exposure of Plaintiff to the life-threatening
27 incarceration, physical, and medical conditions, which ultimately caused Plaintiff to suffer the
28 injuries as alleged herein.

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

57. Each said Defendant had ample and reasonably sufficient time and opportunity to so intervene and prevent Plaintiff's injuries, and was compelled to do so as a Sheriff's Deputy or employee under the laws of the State of California and under the Constitution of the United States of America.

58. In deliberate indifference to the life and welfare of Plaintiff, each said Defendant intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening in the acts leading to Plaintiff's injuries.

59. As a result thereof, Plaintiff was unjustifiably, purposely, or recklessly and wantonly exposed to receiving the injuries he received at the hands of other inmates and ignored when he clearly was in need of medical treatment by said Defendants as alleged in the First Cause of action in violation of his rights under the Fourteenth Amendment of the Constitution of the United States of America.

60. The acts and omissions constituting this cause of action were purposeful, malicious, and reckless and wanton so as to justify the imposition of punitive damages on these Defendants in their individual capacity.

### THIRD CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS – FAILURE TO TRAIN AND FAILURE TO SUPERVISE CAUSING CONSTITUTIONAL VIOLATION – 42 U.S.C. § 1983

### DOE DEFENDANTS 1-3

61. PLAINTIFF repeats and re-alleges each and every allegation contained above as though fully set forth herein.

62. Since on or about 1990 and at all relevant times mentioned in this Complaint, the COUNTY Board of Supervisors established and maintained an oversight and supervisorial role over the conduct of the Sheriff as it pertained to controlling the Sheriff's running of various aspects of the LASD. These activities theretofore had resulted in the deprivation of the constitutional rights of the citizens of the COUNTY, including inmates at COUNTY's jail facilities such as MCJ. The Board's supervisorial, oversight, and auditing reach included by mutual consent of the Board and the Sheriff and the LASD certain aspects of the Sheriff's conduct, duties and policies. These

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1 | included among other things, all aspects of the Sheriff's duties which were managerial,
2 | administrative or procedural, rather than those duties which were prosecutorial or enforcement in
3 | character.

4 |     63.     Among the activities of the COUNTY Sheriff over which the Board of Supervisors
5 | has established legal and accepted review, supervision and control as of 1991 and through the
6 | relevant dates of this Complaint, are "the policies, practices and procedures of the LASD, including
7 | recruitment, training, job performance and evaluation, record keeping and management practices,"
8 | as they relate to conduct which subjects citizens of the COUNTY, including inmates in custody at
9 | COUNTY jail facilities to the custody and control of the COUNTY Sheriff and his subordinates.

10 |     64.     At all times since 1991 including the relevant dates of this Complaint, the Sheriff and
11 | more particularly, DOE DEFENDANTS 1-3, orally and/or by custom and practice, have acceded,
12 | agreed, consented to, admitted the existence of and/or otherwise submitted themselves and the
13 | LASD and its operation of MCJ to the authority of the COUNTY Board of Supervisors as it pertains
14 | to the aforementioned oversight, supervision, audit, review and control.

15 |     65.     In so doing, the Sheriff has admitted and is therefore presently legally estopped from
16 | asserting otherwise, that the conduct and activities in the COUNTY's MCJ facilities, over which the
17 | COUNTY Board of Supervisors presently exercises such oversight, control, supervision and
18 | authority, are administrative and procedural and, being administrative and procedural rather than
19 | enforcement and prosecutorial in nature, place them and the Sheriff's department within the legal
20 | jurisdiction of the COUNTY as COUNTY Officers, and that in carrying out these extrajudicial
21 | actions, the Sheriff and the LASD are not implementing State enforcement or prosecutorial
22 | functions outside of the COUNTY Board's authority.

23 |     66.     The COUNTY Board of Supervisors and the Sheriff have, further, by agreement,
24 | contract, conduct and fiscal necessity, recognized that all arbitrary, capricious, malevolent, reckless
25 | and intentionally harmful conduct of the Sheriff or the LASD which is in no way a part of the
26 | punishment explicitly and specifically prescribed by State law or necessary to impose the
27 | punishments prescribed by State law, is not classifiable as an "enforcement" function or a
28 | prosecutorial function, but is a procedural or administrative solution to problems of custody, well

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

12

1   within the authority of the COUNTY to supervise and control as COUNTY functions and within
2   the Sheriff's conduct as a COUNTY official.  The LASD, by and through Defendant BACA'S
3   predecessor, in its response to the Koltz report, explicitly acknowledged the right of the COUNTY
4   Board of Supervisors to oversee, review, and audit such extrajudicial conduct.

5       67.    The policies of refusing to protect inmates from known dangers, of using excessive
6   and unnecessary force on inmates, and the policy of failing to provide necessary medical care to an
7   inmate in custody at MCJ does not implement a punishment imposed by State law nor is it required
8   to enforce the punishments actually required by State law.

9       68.    The actual policies cited herein and the training of jail personnel to enforce these
10  policies, each being a policy implementing punishments imposed by the Sheriff without an order or
11  requirement to impose such punishments under state law, and which remain under the supervisorial
12  umbrella of the COUNTY Board of Supervisors by Sheriff department concession therefore,
13  represent purely COUNTY functions of the Sheriff as a COUNTY officer and have been deemed
14  and treated as such by the COUNTY Board of Supervisors and the COUNTY Sheriff through their
15  mutual agreement, consent, assent, custom and practice as alleged above because:

16              a.  they represent implementation of COUNTY administrative and procedural
17                  policy;

18              b.  they are a series of rules imposing punishments  unrelated to the actual
19                  punishments imposed by State law or to actions required to enforce the
20                  punishments required by State law; and

21              c.  they are all applied to custodial jail functions, over which the Los Angeles
22                  Board of Supervisors, as acknowledged by the LASD in its reply to the Koltz
23                  report already has powers to monitor, audit and intervene and which therefore
24                  are by definition COUNTY actions.

25      69.    At all relevant times, DOE DEFENDANTS 1-3 each knew or should have known of
26  acts of the nature complained of herein occurring at the COUNTY JAIL came about as a means,
27  method, practice, policy, or custom of: (1) not providing care to inmates; and (2) knowingly and
28  maliciously failing to protect inmates from known deadly dangers to their life and health.  Said

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

13

1 defendants knew or in the exercise of reasonable care should have known the practice by their
2 employees including DOE DEFENDANTS 4-50 of the arbitrary denial of medical care and failure
3 to protect inmates caused the failure of said individual Defendants herein to monitor and protect
4 Plaintiff from an imminently dangerous encounter with violent inmates, and their failure to timely
5 summon and provide necessary medical treatment to Plaintiff. DOE DEFENDANTS 1-3, however,
6 consciously disregarded this knowledge, failed to adequately investigate or discover or discipline
7 and correct such actions or practices, thereby causing the violation of Plaintiff's Constitutional
8 Rights as described herein.

9          70.     Prior to the incident alleged herein, COUNTY deputies and jailers, including DOE
10 DEFENDANTS 4-50, in the course and scope of their employment with COUNTY and the LASD,
11 facilitated, permitted, ratified and condoned similar acts of failing to provide necessary care to sick
12 inmates, and were deliberately indifferent to the health safety of inmates like Plaintiff. DOE
13 DEFENDATNS 1-3 knew or in the exercise of reasonable care should have known of this practice,
14 pattern, or policy of institutional violations, and additionally, of the existence of facts and situations
15 which created the potential of unconstitutional acts, and said Defendants had a duty to instruct, train,
16 supervise and discipline their subordinates to prevent similar acts to other persons, but failed to take
17 action to properly train, instruct, supervise, or discipline Sheriff's deputies, jailers or other
18 employees, including DOE DEFENDANTS 4-50, and as a result, Plaintiff was allowed and/or
19 caused to suffer his injuries as alleged in this Complaint.

20          71.     At all times mentioned herein and prior thereto, DOE DEFENDANTS 1-3 had the
21 duty to train, instruct, supervise and discipline LASD Custody Officers and Employees, including
22 DOE DEFENDANTS 4-50, to ensure they respected and did not violate Federal Constitutional and
23 statutory rights of and prisoners and to objectively investigate violations of said prisoners' rights;
24 among these rights being:

25                    a.   the right to be safe and protected from injury while in Defendants' custody;
26                    b.   the right to be protected by the deputies while under their control; and
27                    c.   the right to receive medically necessary care.
28          72.     DOE DEFENDANTS 1-3 breached said duties by failing to train, instruct, supervise,

1 || or discipline their deputy sheriffs, including DOE DEFENDANTS 4-50, on the violation of
2 || Plaintiff's and other prisoners' constitutional rights, as alleged herein.

3        73.    The conduct of said Defendants has been ratified, authorized or otherwise condoned
4 || by each of them in their official and individual capacities.

### FOURTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS – *MONELL* – 42 U.S.C. § 1983
### COUNTY OF LOS ANGELES

8        74.    PLAINTIFF repeats and re-alleges each and every allegation contained above as
9 || though fully set forth herein.

10       75.    Defendant COUNTY, through DOE DEFENDANTS 1-50, its administrators and
11 || decision makers, knowingly, recklessly, and with reckless disregard for the health and safety of
12 || prisoners, including Plaintiff, promulgated, created, maintained, ratified, condoned and enforced a
13 || series of policies, procedures, customs and practices which authorized the arbitrary denial of
14 || constitutional protections to inmates and detainees at MCJ, including, but not limited to, purposely,
15 || wantonly, and recklessly or with deliberate indifference refusing to summon and timely provide
16 || necessary medical care to inmates, housing inmates in such a way as to cause and allow them to be
17 || attacked by other inmates, and willfully failing to monitor and protect non-violent inmates from
18 || violent inmates. In accordance to the above series of policies, procedures, customs and practices,
19 || the following actions including those alleged above, were taken regarding the treatment of Plaintiff.

20       76.    Defendant COUNTY was further on notice of their wrongful policies by virtue of
21 || the Government Claims filed with the County over the last several year arising from deaths and
22 || injuries to prisoners resulting from said policies.

23       77.    Defendant COUNTY was further on notice of their wrongful policies by virtue of
24 || the September, 2012, Report by the Citizens' Commission on Jail Violence which set forth in
25 || comprehensive detail a history in the LASD of the leaderships failure to respond to
26 || recommendations made to improve the Department's treatment of inmates at COUNTY jails,
27 || stating, "At a fundamental level, the failure to heed recommendations made -- and advanced
28 || repeatedly over time -- is a failure of leadership in the Department."

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1         78.    These policies, procedures, customs and practices of Defendant COUNTY as alleged
2 above were the moving forces behind the de facto custom and practice of permitting and condoning
3 individual LASD deputies and employees such as DEPUTY DEFENDANTS and medical personnel
4 to subject inmates to physical abuse and injury as a form of punishment and discipline as alleged
5 above. The custom, policy, practice and procedures described herein were a legal cause of
6 Plaintiff's injuries and each individual Defendant, acting in accord with this custom, practice, policy
7 and procedure acted with deliberate indifference to the rights of Plaintiff. DEFENDANTS acted
8 recklessly and intentionally, under color of law, by showing conscious disregard for the life and
9 safety of Plaintiff and violated Plaintiff's Constitutional rights, and proximately caused the damages
10 set forth in the incorporated paragraphs, all in violation of 42. U.S.C. § 1983.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

## ALL DEFENDANTS

14         79.    Except for allegations of intentional conduct, PLAINTIFF hereby repeats, re-alleges
15 and incorporates all allegations above as though fully set forth herein.

16         80.    Plaintiff is informed and believes and thereon alleges that during all times leading up
17 to the injuries and before medical aid was summoned, said DEFENDANTS did negligently and
18 without due care, fail in their duties to protect Plaintiff by exposing him to, among others, an
19 unreasonable risk of injury at the hands of other violent inmates, and without due care, failed to
20 timely summon medical care or take him to seek appropriate and timely medical care, diagnosis or
21 treatment.

22         81.    Plaintiff's injuries as alleged occurred as a result of the absence on the part of all said
23 DEFENDANTS of due care for his safety and wellbeing and constituted an unreasonable failure of
24 both statutory, common law, and COUNTY Jail system-imposed duties to protect Plaintiff from
25 known and unreasonable severe risks of physical injury and impairment; and/or resulted from the
26 unreasonable and unjustifiable failures of Defendants DOE DEFENDANTS 26-50 to summon
27 timely and necessary medical aid or to take Plaintiff to receive medical diagnosis or medical care;
28 all manifesting a grossly unreasonable risk of injury to Plaintiff.

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1    82.    The aforesaid conduct of said defendants, and each of them, was done in reckless,
2 unlawful, and/or negligent manner as all defendants, and each of them, knew or should have known
3 that of the dangers Plaintiff was exposed to, any such conduct, omissions and failures to act on their
4 part, was likely to cause Plaintiff's injury.

5    83.    Defendant COUNTY is liable under the principles of respondeat superior for the
6 aforementioned acts of Defendant Deputies pursuant to California Government Code Section 815.2.

7    84.    As a proximate result of the aforementioned acts and omissions of said Defendants
8 and each of them, Plaintiff suffered injuries including the injuries attendant to the assault as well as
9 permanent disfigurement of his right arm, neuropathy, pain, and lack of mobility and ability to use
10 his right hand, tingling and numbness, and mental and emotional harm all to his damages in an
11 amount to be proven at trial.

**SIXTH CAUSE OF ACTION**

**NEGLIGENCE – FAILURE TRAIN AND FAILURE TO SUPERVISE**

**COUNTY OF LOS ANGELES AND DOE DEFENDANTS 1-3**

15    85.    Except for allegations of intentional conduct, PLAINTIFF hereby repeats, re-alleges
16 and incorporates all allegations above as though fully set forth herein.

17    86.    At all times alleged herein, Defendant COUNTY and DOE DEFENDANTS 1-3
18 failed to adequately train, supervise, discipline or in any other way control whether or not DOE
19 DEFENDANTS 4-50 and each of them, fulfilled their Constitutional, common-law, and judicially
20 ordered duties to keep inmates, generally, and Plaintiff, specifically, protected while under their sole
21 care and custody.

22    87.    Defendant COUNTY and DOE DEFENDANTS 1-3 were also negligent in failing to
23 provide said Deputy Sheriff Defendants, and each of them, the proper and special training necessary
24 for the duties they could foreseeably be expected to perform in the course of their employment in
25 that DOE DEFENDANTS 4-50 received inadequate training in the proper use of protective
26 measures to employ which should have been employed in the factual scenario which underlies
27 Plaintiff's injuries which now underlies this lawsuit.

28    88.    As a proximate result of the aforementioned acts and omissions of said Defendants

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

17

COMPLAINT

1 and each of them, Plaintiff suffered injuries including the injuries attendant to the assault as well as
2 permanent disfigurement of his right arm, neuropathy, pain, and lack of mobility and ability to use
3 his right hand, tingling and numbness, and mental and emotional harm all to his damages in an
4 amount to be proven at trial.

## VI.
## PRAYER

Wherefore PLAINTIFF prays for judgment as follows:

1.    For general damages in an amount in excess of $2,500,000 to be proven at trial;

2.    For future medical expenses as proven at trial;

3.    For lost earnings and earning capacity as proven at trial;

4.    For costs of litigation;

5.    For exemplary damages as against those individual where alleged;

6.    For reasonable attorney's fees in the civil rights causes of action as provided by statute; and

7.    For such other and further relief as the Court may deem just and proper.


DATED: October 15, 2018                    BOUCHER LLP



                                           By: _____
                                               RAYMOND P. BOUCHER
                                               HERMEZ MORENO
                                               BRIAN M. BUSH
                                               Attorneys for Plaintiff Roland Vaughan

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

18
COMPLAINT

1

## VII.
## JURY DEMAND

Plaintiff respectfully demands that the present matter be set for a jury trial.

DATED:  October 15, 2018                         BOUCHER LLP


By:  _____
                              RAYMOND P. BOUCHER
                              HERMEZ MORENO
                              BRIAN M. BUSH
                              Attorneys for Plaintiff, Roland Vaughan

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

19
COMPLAINT